UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN ALLEN,

            Plaintiff,            Civil Action No. 24-10269

v.                                              Robert J. White
                                                   United States District Judge

KATELYN BRUBAKER, *et al.*,         David R. Grand
                                                     United States Magistrate Judge

            Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT GARCHOW'S MOTION TO DISMISS (ECF No. 23)**

On June 17, 2024, defendant Michael Garchow ("Garchow") filed a Motion to Dismiss Pursuant to Rule 12(b)(6). (ECF No. 23). On July 30, 2024, plaintiff Justin Allen ("Allen"), who was incarcerated at the time of the filing of his complaint but has since been paroled, filed a response to this motion. (ECF No. 27). Garchow filed a reply brief on August 19, 2024. (ECF No. 32).[1]

Having reviewed the pleadings and other papers on file, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Garchow's Motion to Dismiss Pursuant to Rule 12(b)(6) **(ECF No. 23)** be **DENIED**.

---

[1] Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 33).

## II.  REPORT

### A.  Background

At the time of the filing of his complaint, Allen was a Michigan Department of Corrections ("MDOC") prisoner confined at the Cooper Street Correctional Facility in Jackson, Michigan. He brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, and Eighth Amendment rights. (ECF No. 1). Named as defendants in this action are three MDOC employees – Katelyn Brubaker, Scott Codere, and Charles Pistro – as well as Garchow, a "Clare County Sheriff's Deputy/Court Bailiff."[2] (*Id.*, PageID.1-2).

In his complaint, Allen alleges that, on January 25, 2021, while a parolee, he met with Brubaker at the Clare County Parole Office, where she subjected him to "abusive and unprofessional behavior" and threated to have him sent back to prison. (*Id.*, PageID.2). Allen further alleges that when he told Brubaker he had recorded her actions on his cell phone, she "became upset," again threatened to send him back to prison, and ordered him to meet her at the Clare County Courthouse ("CCC") the following day. (*Id.*).

On January 26, 2021, when Allen arrived at the CCC, Brubaker allegedly seized his cell phone without a warrant or his consent and attempted to search its contents, demanding his password and asking where to find the previous day's recording. (*Id.*). Allen further alleges that Brubaker again threatened to send him back to prison unless he disclosed the password. (*Id.*). According to Allen, Codere then became confrontational and aggressive

---

[2] Also named as defendants are John and Jane Doe defendants identified as Michigan State Police Crime Lab Technicians. (ECF No. 1, PageID.2).

2

while handcuffing him and refused to tell him why he was being arrested, saying "you don't have the right to know why you're being arrested you're a parolee[.]" (*Id.*). Allen claims he told Codere that he planned on complaining about him to his supervisor. (*Id.*, PageID.3).

Allen then alleges that, while escorting him through the CCC and down a set of stairs, Brubaker and Codere raised his handcuffed arms from behind his back, causing him to bend forward. (*Id.*). He alleges that "Codere then pushed [him] forward and Brubaker let him go," causing him to stumble down the remaining stairs and crash "through two plate glass doors head first." (*Id.*). Allen further alleges that, after he fell, Brubaker and Codere slammed him repeatedly against the wall and the ground, despite the fact that he was not being "physically combative[.]" (*Id.*). Allen alleges that Garchow kicked him in the face while he "was lying on the ground and being fully compliant." (*Id.*). This is Allen's only allegation against Garchow. Finally, Allen alleges that Supervisor Pistro permitted Brubaker to seize Allen's cell phone so she could send the phone to the Michigan State Police, where John and Jane Does conducted an illegal, warrantless search of his phone. (*Id.*).

Allen's complaint contains five causes of action, but the only claim asserted against Garchow is Count III, alleging excessive force in violation of the Eighth Amendment. Garchow now moves to dismiss, arguing that Allen's claim is barred by the applicable statute of limitations. For the reasons set forth below, the Court disagrees.

**B. Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal

sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). But, "[t]he leniency granted to pro se [litigants] ... is not boundless[,]" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

C. **Analysis**

In his motion, Garchow argues that Allen's excessive force claim against him, brought pursuant to 42 U.S.C. § 1983, should be dismissed because it is barred by the applicable statute of limitations. (ECF No. 23). Because Congress did not specifically

4

adopt a statute of limitations governing § 1983 actions, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003). The Sixth Circuit has held that the "appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims." *Drake v. City of Detroit, Mich.*, 266 F. App'x 444, 448 (6th Cir. 2008) (citing M.C.L. § 600.5805(10)).

Although the statute of limitations is governed by state law, the question of when a federal civil rights claim accrues remains one of federal law. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). As the Sixth Circuit has recognized, "Under federal law as developed in this Circuit, [a cause of action accrues and] the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)).

In his complaint, Allen asserts that the incident giving rise to his excessive force claim against Garchow occurred on January 26, 2021. (ECF No. 1, PageID.2-3). Specifically, Allen alleges that, on that date, he was "kicked in the face by Garchow, while [he] was lying on the ground and being fully compliant." (*Id.*, PageID.3). Thus, under the facts as pled by Allen, he knew or had reason to know of his excessive force claim against Garchow on January 26, 2021, and, thus, his § 1983 claim accrued on that date.

In his motion, Garchow alleges that Allen's excessive force claim is time-barred and must be dismissed because he "did not file his Section 1983 action against Garchow

until January 31, 2024," three years and five days after his claim accrued. (ECF No. 23, PageID.119). Garchow further asserts that to the extent Allen may argue that his complaint was timely filed because he mailed it on January 26, 2024, such an argument fails because "a complaint mailed to the court is deemed filed not on the mailing date, but on the date the court receives it." (*Id.*). Because the Court did not receive Allen's complaint until January 31, 2024, then – more than three years after the incident at issue occurred – Garchow argues that it was not timely filed. Garchow's argument lacks merit as it improperly ignores application of the "prisoner mailbox rule."

The prisoner mailbox rule creates a "relaxed filing standard [where] a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court … with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Here, in his response to Garchow's motion, Allen clearly states that he "mailed his action well before it was specifically docketed on January 31, 2024." (ECF No. 27, PageID.134). Indeed, a review of Allen's complaint indicates that he signed and dated it on January 21, 2024, and it bears a postmark of January 26, 2024. (ECF No. 1, PageID.6, 7).

Garchow has come forward with no evidence (or even argument) that Allen's complaint was not handed over to prison officials for mailing on the date it was signed (i.e., January 21, 2024). Thus, application of the prisoner mailbox rule results in a presumption that Allen's complaint was filed on January 21, 2024 – which is within three years of the January 26, 2021 incident giving rise to Allen's claim against Garchow. Thus, because Garchow has not established that Allen's claim against him is barred by the statute of

6

limitations, his motion to dismiss should be denied.[3]

## III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Garchow's Motion to Dismiss Pursuant to Rule 12(b)(6) **(ECF No. 23)** be **DENIED**.

Dated: October 28, 2024  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v.*

---

[3] In Allen's response brief, he notes that he "initiated an internal Grievance Complaint against Deputy Michael Garchow, using the kite method required by Clare County Sheriff's Department." (ECF No. 27, PageID.129). Garchow takes issue with this in his reply brief, and asserts that if Allen had "pled in his Complaint that he had filed a grievance against Garchow with the Jail, [Garchow] would have presented evidence to show that [Allen] has failed to exhaust his administrative remedies prior to filing his Complaint against Garchow." (ECF No. 32, PageID.184). However, Allen cannot be faulted for this because "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). To the extent Garchow believes Allen failed to properly exhaust his excessive force claim, he may file a new dispositive motion on that issue.

7

*Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 28, 2024.

                s/Eddrey O. Butts
                EDDREY O. BUTTS
                Case Manager